JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHEMEHUEVI INDIAN TRIBE, on its own behalf and on behalf of its members *parens patriae*, et al.,<br><br>　　　　Plaintiffs,<br><br>　　　　vs.<br><br>JOHN McMAHON, in his official capacity as Sheriff of San Bernardino County, et al.,<br><br>　　　　Defendants. | Case No.: ED CV 15-1538-DMG (FFMx)<br><br>**JUDGMENT [115]** |

Pursuant to the parties' Stipulation for Entry of Judgment, filed with the Court on April 27, 2020,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that judgment is entered in favor of the plaintiffs and against the defendants as follows:

1. The County of San Bernardino, its officers, agents, and employees are permanently enjoined from issuing citations to or prosecuting enrolled members of the Chemehuevi Indian Tribe for California Vehicle Code civil regulatory violations, including but not limited to (a) driving on a suspended license (Vehicle Code § 14601.1(a)), (b) driving with expired registration (Vehicle Code § 5204(a), (c)driving without proof of insurance (Vehicle Code §§ 16028(a) and 16028(b),(d)driving without use of seat belts (Vehicle Code § 27315), and (e) driving without valid license plates (Vehicle§ 5200), while they are within the boundaries of the Chemehuevi Indian Reservation, as established by the 1907 Secretarial Order, including, but not limited to E/2 of 5 N., R. 24 E, Section 36, S.B.M.

2. Within sixty (60) days from the date of entry of this judgment, the parties shall begin negotiations and negotiate in good faith to conclude an intergovernmental agreement or memorandum of understanding ("Agreement") addressing law enforcement activity by County officers, agents and employees within the exterior boundaries of the Reservation, including but not limited to: (1) identifying which California Vehicle Code Sections are civil regulatory an unenforceable against enrolled members of the Tribe on the Reservation under the terms of this Judgment; (2) how County law enforcement officers will determine whether a person is an enrolled member of the Tribe, and (3) how the County will determine whether a citation can be issued to a driver or owner of a vehicle on the Reservation under the terms of this Judgment. If after negotiating for a reasonable period of time, not to exceed ninety (90) days, the parties reach impasse on an issue(s) and are not able to conclude an agreement pursuant to this paragraph, then either party may make application to the Court to reopen this action and to hold a mandatory settlement conference to assist the parties in concluding an agreement, and the Court shall

schedule a mandatory settlement conference and order the parties to participate in the conference. If after participating in the mandatory settlement conference, the parties are unable to conclude an agreement under this paragraph, then either party may make application to the Court to resolve the issue(s) by filing a motion with the Court pursuant to Rule 56 of the Federal Rules of Civil Procedure and the Court's decision on the motion shall be final and non-appealable. The Court's decision shall then be incorporated by the parties into the Agreement.

  3. Once the Agreement is concluded and executed by the parties, it shall not be a violation of this Judgment or the Agreement for the County, its officers, agents, and employees to stop vehicles, issue citations, and prosecute citations in state court or in administrative hearings before the Department of Motor Vehicles pursuant the terms of the Agreement.

  4. Chelsea Lynn Bunim ("Bunim"), Tommie Robert Ochoa ("Ochoa"), Naomi Lopez ("Lopez"), and Jasmine Sansoucie ("Sansoucie") are each awarded ($10,000), as full and complete compensation for any and all damage claims that they may have against the Defendants arising from the facts alleged in the Amended Complaint filed by the plaintiffs in this case. Upon execution and delivery of a satisfaction of judgment by each of the individual plaintiffs in a form attached to the parties' Stipulation for Entry of Judgment as **Exhibit B**, the County shall pay Bunim, Ochoa, Lopez, and Sansoucie Ten Thousand Dollars ($10,000) each.

  5. The Court shall retain jurisdiction of this action for the sole purpose of enforcing the provisions of this Judgment and the Agreement entered into pursuant to this Judgement against the County and its' officers, agents and employees who may in the future issue traffic citations to enrolled members of the Tribe or prosecute those citations in state court or in administrative proceedings before the California Department of Motor Vehicles in violation of this Judgement or the Agreement.

  6. Bunim, Ochoa, Lopez, and Sansoucie are awarded their reasonable attorney fees and costs, pursuant to 42 U.S.C. § 1988, the exact amount of which shall be

1  determined by a subsequent stipulation of the parties filed with the Court or, if the parties
2  cannot agree on the amount of fees and costs the plaintiffs are entitled to, the Court shall
3  determine the amount of plaintiffs' attorney's fees and costs upon the plaintiffs filing an
4  appropriate motion for attorney's fees with the Court.
5      7.    All scheduled dates and deadlines are VACATED.

7  DATED:  April 28, 2020

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE